**UNITED STATES of America, et al., Plaintiffs,**

v.

**HOOKER CHEMICALS & PLASTICS CORPORATION, et al., Defendants.**

**No. CIV–79–989C.**

United States District Court, W.D. New York.

Nov. 28, 1984.

U.S. Dept. of Justice, Environmental Enforcement Section, Land and Natural Resources Div. (Bruce J. Berger, Washington, D.C., of counsel), for plaintiff, United States of America.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City (Ann Goldweber, Asst. New York State Atty. Gen., New York City, of counsel), for plaintiff, State of N.Y.

Wald, Harkrader & Ross, Washington, D.C. (Thomas H. Truitt, Washington, D.C., of counsel), for defendant Occidental Chemical Corp.

Seeger, Steele & Galeziowski, Buffalo, N.Y. (Lewis Steele, Buffalo, N.Y., of counsel), for plaintiff-intervenor College Heights Property Owners Ass'n.

Grossman, Levine & Civiletto, Niagara Falls, N.Y. (Richard G. Berger, Niagara Falls, N.Y., of counsel), for plaintiff-intervenor Martelli.

CURTIN, Chief Judge. .

Plaintiff United States and defendant Occidental have filed a joint motion seeking an order from this court prohibiting the disclosure of proposals made during the negotiations directed at settling a dispute concerning the Requisite Remedial Technology [RRT] to be implemented at the Hyde Park Landfill. The motion is opposed principally by plaintiff New York State and also by plaintiff-intervenors College Heights Property Owners Association and Norman Martelli.

Counsel for all of the parties mentioned above appeared in open court to present their views on this important matter. As will be explained below, the order sought by the United States and Occidental is actually a rather narrow prohibition on disclosure. All raw data and facts relating to proposed remedies are and will continue to be available for public scrutiny. However, the court declines at this time to issue the confidentiality order sought here.

Today's order should not be viewed as an acceptance of the legal arguments urged by those opposing this motion. Indeed, the court rejects the contention that the Settlement Agreement expressly requires the disclosure of the communications which the United States and Occidental seek to keep secret here.

Nor should today's order be viewed as an endorsement of New York's position that all communications made during settlement negotiations should be made public. The United States and Occidental, quite understandably, have questioned the wisdom and utility of this policy. The court's decision is based upon its view that this and other like cases will be before it for many years. The steps taken now should be short ones, from which changes in direction can be made if the practicalities of this lawsuit indicate that new directions are necessary. It is in this spirit and with this small step that the court has decided to decline to move in the direction of court-ordered secrecy.

This environmental lawsuit was commenced in December of 1979. The case was settled in 1981 as a result of the concerted efforts and cooperative attitudes of the parties to the Settlement Agreement. The court approved the settlement in 1982 after an extensive hearing. *See United States v. Hooker Chemicals and Plastics Corp.*, 540 F.Supp. 1067 (W.D.N.Y.1982).

The written agreement is an extensive and detailed document which calls for the implementation of a long-term remedial

program for cleaning up and containing the many tons of dangerous chemicals that have been deposited into the Hyde Park Landfill. Part of the process involves a study by Occidental of the vertical and areal extent of chemical contamination. Settlement Agreement [SA], Addendum I, ¶ C. Occidental has undertaken that study.

The data collected by Occidental indicated that there has been significant chemical migration from the landfill site. Accordingly, Occidental initiated a study to determine what RRT is necessary to address the migration problem.

Occidental submitted its RRT proposal to the Environmental Protection Agency [EPA] and New York State on May 8, 1984. It has not attempted to keep this submission confidential. This submission was made pursuant to Addendum I, ¶ C(8) of the Settlement Agreement. Since the RRT study was a document "submitted by [Occidental] to EPA/State pursuant to this Judgment," it was and is subject to public inspection. SA p. 30, ¶ 20. The data underlying the study is also open to public scrutiny.

The Settlement Agreement required the federal and State governments to respond to Occidental's RRT study within 120 days after its submission if they believed that the study was in any way "inconsistent with any term or condition" of the Settlement Agreement. SA Addendum I, ¶ C(9). Without written objections from the governments, the Occidental study would have been deemed consistent with the terms of the settlement.

However, the federal and State governments gave Occidental written notice of their objections to the RRT study on September 5, 1984. The Agreement requires that the governments' objections give specific reasons therefor, and "a detailed description of what further actions" are thought to be required. SA Addendum I, ¶ C(9)(b)(i), (ii).

Implicitly, the next step to take under the Agreement is negotiation among Occidental, EPA, and New York State concerning a possible accord on what RRT will be implemented at the landfill site. This implication stems from the Agreement's provision that:

> If, within 120 days, or longer if so stipulated, [Occidental] does not notify EPA/State in writing of its agreement to implement the further action described in EPA/State's written notice, either party may petition the Court, within 30 days after the expiration of the period for [Occidental] to notify EPA/State, seeking implementation of further action as contained in EPA/State's written advice.

SA Addendum I, ¶ C(9)(d). *See also* ¶ C(9)(c), concerning the binding effect of an agreement on RRT programs.

With respect to the present RRT matter, the time for negotiations expires in early January, 1985. Within 30 days of the expiration of this period, "either party may petition the Court ... seeking implementation of further action as contained in EPA/State's written advice." *Id.*

The present controversy over confidentiality pertains *only* to this period of negotiations. However, because of the attitude of the State, similar problems will probably arise in the future during settlement negotiations. The United States and Occidental seek a court order preventing the disclosure of the proposals concerning RRT made during the give-and-take of negotiations. They also seek to prevent the disclosure of responses to proposals and evaluations of such proposals. The United States and Hooker point out that proposals, responses, and evaluations are usually made by experts. The argument is that the exchange of ideas will be less candid if the documents reflecting the proposals were to be released at any time.

It must be noted that all raw data upon which the proposals are based are available for public inspection. The present motion seeks only to keep confidential the proposals and related matters produced during the negotiations directed at mediating the differences in the RRT programs suggested by Occidental and the governments. Also, the order sought here would contain

a provision under which any party to the negotiations could petition the court for an order permitting the release of whatever items the party seeks to have released.

Those opposing the order urge that the Settlement Agreement requires that all communications made during negotiations be freely disclosed. Accordingly, they argue that the Agreement expressly prohibits the issuance of the order sought here.

This argument is not persuasive. The applicable language is as follows:

> All information and documents submitted by [Occidental] to EPA/State *pursuant to this Judgment* shall be subject to public inspection unless identified and deemed as confidential by [Occidental] in conformance with 40 C.F.R. Part 2 or applicable New York State law.

SA p. 30, ¶ 20 (emphasis added). The words "pursuant to this Judgment" refer to such information and documents which are necessarily incidental to Occidental's compliance with the terms of the agreement. Thus, for example, the submissions made by Occidental to EPA/New York State pursuant to Addendum I, ¶ C(7)(a), (b) must be subject to public inspection under paragraph 20 (page 30) of the Agreement.

A broader meaning of the disclosure provision is not indicated by its own language or by other relevant language in the Agreement. The provisions outlining the process whereby RRT programs are developed do not mention negotiations, the manner in which they are to be conducted, or the exchange of information during their course.

This omission should not be ignored. If RRT negotiation proposals were intended to be covered by paragraph 20, this intention should have been expressed by a direct reference to the negotiation process. Moreover, the court cannot ignore the fact that the negotiations that led to the settlement of this lawsuit were strictly confidential. While the State's previous (and successful) commitment to confidentiality does not bind it here, the existence of such a policy at the time paragraph 20 was drafted is, absent clear and direct language to the contrary, an indication that paragraph 20 does not apply to negotiation proposals.

The court declines to rule upon the legality of the proposed confidentiality order under the first amendment. *Seattle Times C. v. Rhinehart,* —— U.S. ——, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), is a plausible basis for such an order. However, its applicability to the present case will not be determined now.

By declining to issue a confidentiality order, the court does not order New York State to abide by its contemplated policy of complete disclosure. This policy is clearly offensive to the federal government and to Occidental. Further attempts at settling the dispute should be made without seeking a ruling from the court.

If continued disagreement over confidentiality prevents the parties from reaching an agreement on RRT, then it may be necessary for the court to hold an evidentiary hearing. All parties, including New York State, should recognize that the delay caused by continued disagreement is harmful to the citizens of this State.

The motion of the United States and Occidental for a confidentiality order is denied.

So ordered.